UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES LAMONT MOORE,<br><br>                  Petitioner,<br>    v.<br><br>JERRY HOWELL, et al.,<br><br>                  Respondents. | Case No. 2:19-cv-02110-KJD-DJA<br><br>ORDER |

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by James Lamont Moore (ECF No. 1-1). He paid the filing fee, and therefore, his application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

Moore states that he seeks to challenge his sentence structure, not the convictions themselves.[1] It appears from the petition as well as the attached exhibits that he has a motion to amend judgment of conviction pending in state district court. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal

---

[1] It is also unclear whether Moore knew of and thus should have raised this challenge earlier and whether he is required to seek authorization to file a second and successive petition. Moore has previously filed at least two federal habeas petitions challenging the same judgment of conviction – Nos. 3:04-cv-00343 and 2:12-cv-00965. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

1

habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). As it appears that Moore's state-court proceedings have not yet concluded, it appears that his federal claim is unexhausted.

Accordingly, petitioner shall have **30 days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that he has exhausted his state remedies. If petitioner has failed to exhaust state remedies, his federal petition will be dismissed without prejudice. *See* Rule 4, Rules Governing Habeas Corpus.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents. No action by respondents is required until further order by this court.

**IT IS FURTHER ORDERED** that the Clerk shall add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that he has exhausted his state remedies.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he has exhausted his state remedies, the court will enter an order dismissing the petition.

DATED: 15 January 2020.

---
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

2