UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES LAMONT MOORE,<br><br>　　　　　Petitioner,<br>　v.<br>JERRY HOWELL, et al.,<br><br>　　　　　Respondents. | Case No. 2:19-cv-02110-KJD-DJA<br><br>ORDER |

　　　Respondents have filed a motion to dismiss James Lamont Moore's pro se 28 U.S.C. § 2254 habeas corpus petition as second and successive (ECF No. 17). Moore filed a response (ECF No. 27), and respondents replied (ECF No. 28). As discussed below, the motion is granted.

　　　28 U.S.C. § 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

　　　Here, Moore has previously filed federal habeas petitions challenging his 1996 judgment of conviction. *See* Case Nos. 2:12-cv-00965; 3:04-cv-00343; 3:02-cv-00639. The court dismissed the 2002 petition without prejudice. 3:02-cv-00639 (ECF No. 35).

1

The court denied the 2004 petition on the merits, and the Ninth Circuit Court of Appeals denied Moore's request for a certificate of appealability. 3:04-cv-00343 (ECF Nos. 17, 29).  Finally, the court transferred Moore's 2012 petition to the court of appeals for consideration under 28 U.S.C. § 2244(b)(3)(A). 2:12-cv-00965 (ECF No. 4). The court of appeals denied the application to file a second or successive petition. 2:12-cv-00965 (ECF No. 5).

Moore argues that in his current federal petition he does not challenge the validity of his convictions and instead challenges the sentencing structure (ECF No. 27, p. 4). But this contention is belied by his petition, in which he claims that his judgment of conviction violates his Fourteenth Amendment due process rights (*see, e.g.*, ECF No. 5, p. 11).

This petition, therefore, is a second or successive habeas corpus petition. *Henderson*, 396 F.3d at 1053.  Petitioner was required to obtain authorization from the Ninth Circuit Court of Appeals before he could proceed.  28 U.S.C. § 2244(b)(3). Petitioner has not indicated that he has received such authorization from the court of appeals.

Thus, respondents' motion to dismiss this petition as second and successive is granted.  Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition as second and successive (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' second and third motions for extension of time to file a response to the petition (ECF Nos. 15 and 16) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's first and second motions for extension of time to file a response to the motion to dismiss (ECF Nos. 24 and 25) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and close this case.

DATED: 23 February 2021.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE